1
2
3
4
5

Boris Avramski, Esq.
Nevada Bar No. 11350
AVRAMSKI LAW, PC
4640 W. Charleston Blvd.
Las Vegas, NV 89102
Phone: (702) 685-3618
Fax: (702) 664-0555
E-mail: bkhelpvegas@yahoo.com
Attorney for debtor

6
7
8

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA**

9
10
11
12
13
14
15

In Re:

FRANCES  HUERTA

Debtor(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 09-23716-MKN
Chapter 13

Hearing Date: December 16, 2009
Hearing Time:  1:30 p.m.

16
17

**DEBTOR'S OPPOSITION TO MIDFIRST BANK'S
MOTION FOR RELIEF FROM AUTOMATIC STAY**

18  FRANCES HUERTA, Debtor, by and through her attorney of record, Boris Avramski,

19 Esq., from Avramski Law, PC, files this opposition to MIDFIRST BANK'S, (hereinafter

20 "Secured Creditor" or "Movant"), Motion for Relief from Automatic Stay on the following

21 grounds:

22
23

**THE PROPERTY IS NECESSARY FOR THE
DEBTOR'S EFFECTIVE REHABILITATION
11. U.S.C. § 362 (d)(2)**

24  1.  The real property subject to this motion and opposition thereto (hereinafter referred

25 to as "Subject Property") is held by the debtor as an investment property and it is currently

26 generating rental income of $1,150.00 per month.  See Exhibit A, Rental Agreement.

27  2.  The Subject Property's current market value is $60,000.00 (Exhibit B, appraisal)

28 and the Debtor has filed a motion to value collateral on November 30, 2009, with the intent to

1

cram down the mortgage loan note secured by the Subject Property.  11 U.S.C. § 506 allows for partially secured claims to be bifurcated into secured and unsecured portions and 11 U.S.C. § 1322 (b)(2) allows debtors to modify the rights of secured creditors, other than the rights of secured creditors secured only by a security interest in real property that is the debtor's primary residence, under their Chapter 13 plan.

3.    If successful on her motion to value collateral, the Subject Property will generate income to the Debtor necessary for the Debtor's effective rehabilitation.  Therefore, the Secured Creditor is not entitled to relief from the automatic stay as provided in 11. U.S.C. § 362 (d)(2)(B), because the property is necessary for the Debtor's effective rehabilitation.

4.    The Debtor's Chapter 13 plan provides for the prepetition arrearages in section 2.12.2 and for the treatment of the secured portion of the Secured Creditor's claim in section 2.13.1of the plan.  Exhibit C, Debtor's Chapter 13 Plan #2.

5.    In addition, the Secured Creditor will benefit from the Debtor's proposed Chapter 13 Plan #2.  If the automatic stay is lifted, allowing the Secured Creditor to pursue its remedies under state law, the Secured Creditor  will be subject to the fees and costs associated with foreclosure and consequent sale of the Subject Property and it will recover less than full value. Whereas, under the Debtor's Chapter 13 Plan #2, the Secured Creditor will recover the full current market value of the Subject Property plus reasonable interest over five years.

WHEREFORE, the Debtor prays for relief as follows:

1.    The Secured Creditor's Motion for Relief from the Automatic Stay be denied; and

2.    For any other relief Your Honor finds appropriate.


Dated this 8th day of December, 2009.

Respectfully submitted.


/s/BORIS AVRAMSKI, ESQ.
Boris Avramski, Esq.
Nevada Bar No. 11350
Attorney for debtor

2